**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESSICA SHAW, an individual, | No.   19-55724 |
| Plaintiff-Appellant, | D.C. No.<br>2:18-cv-07601-DSF-FFM |
| v. | |
| GEICO GENERAL INSURANCE COMPANY, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted July 7, 2020
Pasadena, California

Before:  PAEZ and BADE, Circuit Judges, and ZOUHARY,** District Judge.

While riding a bicycle in 2015, Jessica Shaw was hit by a car.  Shaw and

GEICO dispute whether Shaw is an "insured" for purposes of underinsured-

motorist benefits afforded under an automobile-insurance policy.  The district court

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

held Shaw is not an insured and granted summary judgment for GEICO. Shaw timely appealed. We have jurisdiction under 28 U.S.C. § 1291; review the district court's decision without deference, *see Trishan Air, Inc. v. Fed. Ins. Co.*, 635 F.3d 422, 426 (9th Cir. 2011); and reverse.

Under California law, if language in an insurance policy is "substantially identical" to the California Insurance Code, the rules of contract interpretation do not apply. *Blue Shield of Cal. Life & Health Ins. Co. v. Superior Ct. of Los Angeles Cty.*, 120 Cal. Rptr. 3d 713, 721 (Ct. App. 2011). GEICO argues, and the district court held, that the relevant policy language here is substantially identical to the Code. We disagree. The policy defines "insured" as "the individual named in the declarations." In contrast, the Code defines "insured" as "the named insured," and it in turn defines "named insured" as "the individual or organization named in the declarations." Cal. Ins. Code § 11580.2(b). These two definitions may appear nearly identical in isolation. In context, however, the difference is material—both sides agree Shaw is not "the named insured," but they dispute whether she is "the individual named in the declarations." The policy and Code therefore are not substantially identical.

Applying California rules of contract interpretation, *see Montrose Chem. Corp. v. Superior Ct. of Los Angeles Cty.*, 460 P.3d 1201, 1210 (Cal. 2020), we find the definition of "insured" ambiguous with respect to Shaw. Her name

2                                                                                                    19-55724

appears on the declarations page as an "Additional Driver." Thus, she is "named in the declarations," and she could reasonably be considered an insured. The policy's failure to explicitly define the rights of Additional Drivers compounds this ambiguity. A reasonable person in Shaw's position could expect to qualify as an insured; we must interpret the policy to protect that expectation. *See Minkler v. Safeco Ins. Co. of Am.*, 232 P.3d 612, 616, 624 (Cal. 2010).

For these reasons, Shaw is an insured under the GEICO policy for purposes of underinsured-motorist coverage. The district court ruling to the contrary is reversed, and this case is remanded for further proceedings.

**REVERSED AND REMANDED.**